# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROBERT LEE CALBERT, JR.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No. CIV-19-40-JHP-SPS |
| | ) |
| **COMMISSIONER of the Social,** | ) |
| **Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket No. 9]. The Plaintiff Robert L. Calbert, Jr., instituted this action against the Defendant upon denial of his application for benefits under Title II of the Social Security Act. The Defendant now seeks dismissal based on the statute of limitations. For the reasons set forth below, the Motion to Dismiss should be GRANTED.

On November 1, 2011, the Plaintiff protectively applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and applied for benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on November 21, 2011. *See* Docket No. 9, Ex. 1, pp. 6-15. His applications were denied. An ALJ conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated September 4, 2013. *See* Docket No. 9, Ex. 1, pp. 41-55. The Appeals Council denied review, but this Court granted an unopposed motion to reverse in

Case No. CIV-14-489-SPS and remanded the case for further proceedings. *See* Docket No. 9, Ex. 1, pp. 68-73. An ALJ again found that the claimant was not disabled in a written opinion dated January 27, 2016. *See* Docket No. 9, Ex. 1, pp. 83-117. The Appeals Council denied review, but this Court again reversed and remanded in Case No. CIV-16-126-SPS. *See* Docket No. 9, Ex. 1, pp. 127-144. After a third administrative hearing, the ALJ again found that the claimant was not disabled in a written opinion dated October 1, 2018. *See* Docket No. 9, Ex. 1, pp. 155-183.

The Notice of Decision enclosed with the most recent opinion by the ALJ informed the Plaintiff, *inter alia*, that he had the right to file written exceptions with the Appeals Council and the right to file an appeal in federal court. With regard to filing of exceptions, the Notice of Decision advised the Plaintiff as follows:

> You must file your written exceptions with the Appeals Council **within 30 days** of the date you get this notice. The Appeals Council assumes that got this notice within **5** days after the date of the notice unless you show that you did not get it within the **5**-day period.

*See* Docket No. 9, Ex. 1, p. 152. Regarding the right to file suit in federal court, the Notice of Decision advised the Plaintiff as follows:

> If you do not file written exceptions and the Appeals Council does not review [the ALJ's] decision on its own, [the] decision will become final on the **61**$^{st}$ day following the date of this notice. After [the] decision becomes final, you will have **60** days to file a new civil action in Federal district court. You will lose the right to a court review if you do not file a civil action during the **60**-day period starting with the day [the] decision becomes final.

*See* Docket No. 9, Ex. 1, p. 153. The Commissioner contends that because the Plaintiff did not file exceptions with the Appeals Council, the ALJ's decision became final on

November 30, 2018, and the Plaintiff had until January 30, 2019 to file suit herein. Because the Plaintiff did not file suit until February 3, 2019, the Commissioner concludes that this action is untimely and therefore barred by the statute of limitations. The Plaintiff does not dispute the Commissioner's calculation but contends that the "five-day grace period" for mailing applies to the deadline for filing suit and that this action was therefore timely filed on February 3, 2019. The Plaintiff asserts in the alternative that the statute of limitations should be equitably tolled because the language of the Notice of Decision was unclear as to whether he had an additional five days to file this action and that it would therefore be inequitable to strictly apply the deadlines. Neither of these arguments is persuasive, and the undersigned Magistrate Judge accordingly finds that the action was untimely and should be dismissed as barred by the statute of limitations.

Under 42 U.S.C. § 405(g), the Plaintiff had sixty days from the date that the ALJ's decision became final to file a civil action challenging the denial of his claim. This statute of limitations is, however, "designed to be unusually protective of claimants . . . Congress has authorized the Secretary to toll the 60-day limit, thus expressing its clear intention to allow tolling in some cases." *Bowen v. City of New York*, 476 U.S. 467, 480 (1986). The *Bowen* court concluded "that application of a 'traditional equitable tolling principle' to the 60-day requirement of § 405(g) is fully 'consistent with the overall congressional purpose' and is 'nowhere eschewed by Congress.'" *Id.* at 480, *quoting Honda v. Clark*, 386 U.S. 484, 501 (1967). And the Tenth Circuit has observed that the statute of limitations "may be equitably tolled *if* the petitioner 'diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'"

*Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007) [emphasis added], *quoting Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

The Plaintiff's claim of unclarity notwithstanding, the undersigned Magistrate Judge finds that the language of the Notice of Decision is quite clear as to the calculation of deadlines. While the Plaintiff had thirty days from *the date he received* the Notice of Decision (assumed to be within five days of the actual date of the notice) to file exceptions with the Appeals Council, he had sixty days from the date the decision became final, which occurred 61 days after the *actual date of the notice*, in order to file suit herein. This would dispose of the claim that the action was timely filed within the statute of limitations because of some "five-day grace period." Furthermore, there is likewise nothing to suggest that the statute of limitations should be equitably tolled due to any unclarity in the language in the Notice of Decision; indeed, the notice explicitly warns the Plaintiff that he would "lose the right to a court review if you do not file a civil action during the **60**-day period starting with the *day my decision becomes final*." Docket No. 9, Ex. 1, p. 153 [bold in original, italics for emphasis]. The most that can be said in this regard is that the Plaintiff's failure to file within the statute of limitations was the result of excusable neglect, which is insufficient to warrant equitable tolling. *See Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been less forgiving in receiving late filings

where the claimant failed to exercise due diligence in preserving his legal rights. . . . [T]he principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect."). *See also Holland v. Florida*, 560 U.S. 631, 651-652 (2010) ("[A] garden variety claim of excusable neglect, such as a simple 'miscalculation" that leads a lawyer to miss a filing deadline, does not warrant equitable tolling.") (internal citations and quotations omitted).  Because the Plaintiff has not demonstrated that his "failure to timely file was caused by extraordinary circumstances beyond his control[,]" *Fleming*, 481 F.3d at 1254, *quoting Marsh*, 223 F.3d at 1220, the undersigned Magistrate Judge finds that equitable tolling is inappropriate here.

Accordingly, the undersigned Magistrate Judge hereby PROPOSES the findings set forth above and RECOMMENDS that Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket No. 9] be GRANTED, and the case DISMISSED WITH PREJUDICE as untimely.

**DATED** this 1st day of August, 2019.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma